CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 8 2009
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY STICKLEY CORDER, JR., ) | Civil Action No. 7:09-cv-00123 |
|    Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DEPT. SUPT. VERNON ) | |
|    REYNOLDS, et al., ) | By: Hon. Jackson L. Kiser |
|    Defendants. ) | Senior United States District Judge |

Plaintiff Gary Stickley Corder, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff argues that he is imprisoned in violation of his constitutional rights. The court conditionally filed the complaint, requested an amendment, granted plaintiff's first motion to amend, and denied his subsequent motions to amend. This matter is presently before me for screening, pursuant to 28 U.S.C. §§ 1915, 1915A. After reviewing plaintiff's submissions, I dismiss the amended complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his amended complaint. Sgt. Surface frustrated his access to the law library. Plaintiff requested copies of statutes, but Sgt. Surface denied his requests because plaintiff accessed the court through his court appointed criminal defense attorney. Plaintiff argues that the inmate handbook at the Middle River Regional Jail ("Jail") guarantees him the right to use the law library.

Plaintiff further alleges that Cpl. Gregory ordered plaintiff to remove his clothes and put on a suicide smock because plaintiff told the guard he was fasting because it was his "faith and disciplin[e]" although plaintiff admits he refused to go into general population, and "they"

stripped his cell of everything; turned off his water; took his bedding, correspondence, legal papers, and hygienic items; and kept plaintiff in the strip cell for ninety days. Staff gave plaintiff a meat tray even though he is a vegetarian, and he went from weighing 220 pounds to 180 pounds. Plaintiff could not drink water in his cell whenever he wanted, and Sgt. Doyle took his mattress and blanket because plaintiff could not have them in a "strip cell." The defendants allegedly threatened plaintiff with forced-feeding if he did not end his fasting. Plaintiff does not state his requested relief in his amended complaint but only requested as relief in his original complaint a grand jury and a hearing in front of a federal judge.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.

2

2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Plaintiff's requested relief, a grand jury and a hearing, is not an appropriate remedy for a civil action.

Res judicata prevents a party from relitigating a previously litigated claim when (1) a judgment on the merits exists in a prior suit resolving (2) claims by the same parties or their privies and (3) a subsequent suit is filed based on the same cause of action. Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009). "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." Id. (internal quotation marks omitted.)

The United States Constitution guarantees a prisoner the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824, 828 (1977). "[A]ccess to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate devise of the State." Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975). A plaintiff must show some actual injury resulting from a denial of access in order to allege a constitutional violation. Lewis v. Casey, 518 U.S. 343, 349-52 (1996).

I take notice that plaintiff already litigated the instant claim about law library access in Corder v. Middle River Regional Jail, No. 7:09-cv-00119 (W.D. Va.). I dismissed this same

claim with prejudice because plaintiff admitted he had counsel throughout the period he sought copies of statutes and cases from the Jail's law library. Plaintiff similarly admits in this case that he had counsel throughout the time he sought copies of statutes and cases from the Jail's law library. Therefore, I find that plaintiff's attempt to relitigate this claim is barred by res judicata and the claim alternatively fails to state a claim upon which relief may be granted because plaintiff had access to the courts through his attorney and he fails to allege any actual injury.

Plaintiff's complaints that the defendants violated plaintiff's religious fasting from all food by threatening to force feed him does not state a claim upon which relief may be granted. When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D. N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984)

4

("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Moreover, plaintiff's allegation that he lost forty pounds is not attributable to alleged act by the defendants since plaintiff admits he was fasting from all food. Plaintiff's allegation that the defendants turned off the water in his cell so plaintiff could not "drink when [he] want[ed]" fails to state a claim because he does not allege that the defendants ever deprived him of water. Instead, plaintiff merely complains that he could not leisurely drink water in his cell whenever he wanted.

Plaintiff's complaint that the defendants gave him a meat tray although he is a vegetarian also fails to state a claim upon which relief may be granted. Plaintiff states that his fasting was part of his religious beliefs, but he does not say it requires him to be a vegetarian.[1] Therefore, plaintiff's preference for a vegetarian tray does not invoke any constitutional right. Even if his vegetarian diet invoked religious protection, the failure to provide an inmate with a single religious meal does not rise to the level of a constitutional claim. See Thomas v. Condit, 2006 U.S. Dist. LEXIS 43019, 2006 WL 1642226 (W.D.N.C. June 13, 2006).

To establish a claim of retaliation in a prison context, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "Every

---

[1] I recognize the duplicity of plaintiff's argument that he fasted from food but also complains that jail staff violated his rights by bringing him meat instead of vegetables that he would not have eaten because of his fasting.

5

act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct . . . . Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." Id. at 74. However, plaintiff admits that prison staff segregated him in a stripped cell because he "was fasting and because [he] refuse[d] to go into the General Population." Furthermore, plaintiff does not identify a cognizable person who "retaliated" against him by ordering his transfer to a segregated cell. Moreover, plaintiff acknowledges that he requested special housing to avoid another inmate who plaintiff filed charges against. Accordingly, plaintiff's amended complaint fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, I dismiss the amended complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 8th day of December, 2009.

Senior United States District Judge